**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**HERBERT G.,**

      **Plaintiff,**

**vs.**                           **CIVIL ACTION NO. 2:25-CV-00513**

**FRANK BISIGNANO,**
*Commissioner Of Social Security*,

      **Defendant.**

### <u>PROPOSED FINDINGS AND RECOMMENDATION</u>

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. By Order entered August 26, 2025 (ECF No. 3), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court is the Plaintiff's Brief in support of his complaint (ECF No. 15) and the Defendant's Brief in Support of Defendant's Decision (ECF No. 16).

Having fully considered the record and the arguments of the parties, the undersigned respectfully **RECOMMENDS** that the United States District Judge **DENY** the Plaintiff's request for remand (ECF No. 15), **GRANT** the Defendant's request to affirm the final decision (ECF No. 16); **AFFIRM** the final decision of the Commissioner; and **DISMISS** this matter from the Court's docket for the reasons stated *infra*.

## Procedural History

The Plaintiff protectively filed his application for Title II benefits on February 10, 2022 alleging disability beginning May 11, 2020 due to degenerative disc disease, chronic back pain, diabetes, high cholesterol, high blood pressure, and chronic gout. (Tr. at 159, 375) His claim was initially denied on September 15, 2022 (Tr. at 159, 236-240) and again upon reconsideration on July 24, 2023 (Tr. at 159, 242-245). Thereafter, he filed a written request for hearing on August 22, 2023 (Tr. at 246-247).

An administrative hearing was held on June 20, 2024 before the Honorable Toby Buel, Administrative Law Judge ("ALJ"). (Tr. at 175-190) On July 8, 2024, the ALJ entered an unfavorable decision. (Tr. at 156-174) On August 27, 2024, the Plaintiff sought review by the Appeals Council of the ALJ's decision. (Tr. at 332-335) The ALJ's decision became the final decision of the Commissioner on June 26, 2025 when the Appeals Council denied the Plaintiff's Request for Review. (Tr. at 1-7)

On August 25, 2025, the Plaintiff timely brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 2) The Defendant (hereinafter referred to as "the Commissioner") filed a Transcript of the Administrative Proceedings. (ECF No. 11) Subsequently, the Plaintiff filed his Brief (ECF No. 15), in response, the Commissioner filed a Brief in Support of Defendant's Decision (ECF No. 16), and finally, the Plaintiff filed his Reply Brief reiterating his arguments in support of remand (ECF No. 17). Consequently, this matter is fully briefed and ready for resolution.

## Plaintiff's Background

The Plaintiff was 48 years old as of the alleged onset date, a "younger person", but then

changed age category to closely approaching advanced age during the underlying proceedings . See 20 C.F.R. § 404.1563(c), (d). (Tr. at 169) He has a limited education, having completed the tenth grade, and past relevant work as a roofer. (Id.)

**Standard**

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520. If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 404.1520(f). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental

3

capacities and claimant's age, education and prior work experience. Id. § 404.1520(g). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

**Summary of ALJ's Decision**

In this particular case, the ALJ found the Plaintiff met the insured status requirements through December 31, 2025. (Tr. at 161, Finding No. 1) Next, the ALJ determined that the Plaintiff has not engaged in substantial gainful activity since the alleged onset date of May 11, 2020. (Id., Finding No. 2) Under the second inquiry, the ALJ found that the Plaintiff suffered from the following severe impairments: coronary artery disease (CAD); hypertension; diabetes mellitus; peripheral neuropathy; gout; and back disorder. (Id., Finding No. 3) At the third inquiry, the ALJ concluded that the Plaintiff's impairments or combination thereof did not meet or equal the level of severity of any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 162, Finding No. 4)

The ALJ then found that the Plaintiff had the residual functional capacity ("RFC") to perform light work except he:

> can perform occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; can have no work around heights, moving machinery, or hazards; and can have occasional exposure to extreme temperatures of heat and cold and occasional exposure to vibration.

(Tr. at 164, Finding No. 5)

At step four, the ALJ found that the Plaintiff is unable to perform any past relevant work. (Tr. at 169, Finding No. 6) However, at step five, in addition to the immateriality of the transferability of job skills, the ALJ found that based on the Plaintiff's age, education, past relevant

4

work and RFC, the Plaintiff is capable of performing other jobs in the national economy. (Id.,

Finding Nos. 7-10) Finally, the ALJ determined the Plaintiff had not been under a disability from

May 11, 2020 through the date of the decision. (Tr. at 170, Finding No. 11)

**Plaintiff's Challenges to the Commissioner's Decision**

The Plaintiff objects to the ALJ's evaluation of the medical opinion provided by his treating

provider, Karen Pettry-Hultman, D.O., whose opinion is not only supported by the medical record,

but also limited the Plaintiff to sedentary work, which would effectively render him disabled. (ECF

No. 15 at 5-6, 7) Further, the ALJ's improper analysis harmed the Plaintiff to the extent that the

RFC was crafted without consideration of all of the Plaintiff's limitations, and also the ALJ did

not explain why such limitations were excluded. (Id. at 6-7) The ALJ's explanation for discrediting

Dr. Hultman's opinion was also unreasonable in relation to supportability or consistency factors.

(Id. at 7-9) The Plaintiff argues the ALJ's meager analysis of the opinion evidence precludes

meaningful judicial review, and therefore, the final decision is not supported by substantial

evidence and asks the Court to remand this matter. (Id. at 9-10)

In response, the Commissioner contends that the ALJ appropriately evaluated Dr.

Hultman's opinion, and discussed the relevant evidence of record supporting why he found the

opinion unpersuasive, and explained his reasoning in accordance with the pertinent legal standards.

(ECF No. 16 at 6-9) Notably, the ALJ found the other medical opinions persuasive, including the

administrative hearing testimony provided by Gilberto Munoz, M.D., each of which determined

the Plaintiff is capable of light work, which were in line with the ALJ's RFC assessment. (Id. at 9-

10) The Commissioner argues that the ALJ's decision is supported by substantial evidence, and

should be affirmed by this Court. (Id. at 11)

5

In his reply brief, the Plaintiff reasserts his argument that this matter should be remanded because the ALJ simply did not properly explain how Dr. Hultman's opinion was inconsistent or unsupported by the evidence of record allowing for meaningful judicial review. (ECF No. 17)

**The Relevant Evidence of Record**[1]

The undersigned has considered all evidence of record, including the medical evidence, pertaining to the Plaintiff's arguments and discusses it below.

Medical Opinion Evidence and Relevant Medical Evidence:

The ALJ noted that Dr. Karen Hultman, the Plaintiff's treating provider, completed an assessment form dated January 24, 2022 (Tr. at 168, 550-556). Dr. Hultman opined that the Plaintiff had pain and other symptoms which were severe enough to interfere with his concentration and attention required for even simple work tasks; further, Dr. Hultman opined that the Plaintiff's impairments would only allow him to sit for twenty minutes at one time and for less than two hours total, stand for twenty minutes at a time and stand/walk for less than two hours, and that he would need to walk around more than seven times during an eight-hour workday for eleven to fifteen minutes each time (Id.). In addition, Dr. Hultman determined that the Plaintiff would need unscheduled breaks throughout an eight-hour workday, and that he would have to elevate his legs higher than waist level (Id.). Dr. Hultman also opined that the Plaintiff would have to wear a back brace when occasionally standing/walking (Id.). Dr. Hultman further opined that the Plaintiff could occasionally lift ten pounds, rarely lift twenty pounds; could frequently look up;

---

[1] The undersigned focuses on the relevant evidence of record pertaining to the issues on appeal as referenced by the parties in their respective pleadings. There is no dispute concerning the Plaintiff's impairments or the medical records, accordingly, the undersigned does not belabor summarizing same herein, but instead, centers on the ALJ's evaluation of the Plaintiff's treating provider's opinion.

could occasionally hold his head in a static position; could rarely look down or turn his head right or left; could occasionally twist; could rarely stoop or crouch/squat; could never climb ladders; and would be limited in handling, fine manipulation, and reaching (Id.). Dr. Hultman determined that the Plaintiff would be absent from work more than four days per month and that he would not be capable of working full-time at any exertional level (Id.).

The ALJ found Dr. Hultman's opinion unpersuasive, explaining that she did not provide any support for this opinion; additionally, the ALJ found Dr. Hultman's limitations extreme and inconsistent with the physical examination findings and imaging in the record (Tr. at 168, 461-493, 494-549, 673-909).[2] Finally, the ALJ found Dr. Hultman's opinion regarding the Plaintiff's ability to perform full-time work was neither valuable nor persuasive to the extent it concerns an issue reserved to the Commissioner (Tr. at 168).

The Administrative Hearing:[3]

The Plaintiff confirmed that he had not worked since his onset date (Tr. at 185). On a typical day, the Plaintiff stated that he would go outside to sit for a little while, go to town, do a little shopping, return home and lay down or soak in a bathtub (Id.) He estimated that he drives about thirty miles in a week; he takes care of his own hygiene; he fixes simple meals; he does light chores around the house; he watches TV; watches videos on social media; he shops at stores about four times a month (Tr. at 185-187). The Plaintiff testified that he takes cat naps during the day,

---

[2] As noted by the Plaintiff, the ALJ referenced Exhibits 2F, 3F, and 8F, which concern medical records from Med Express Fayetteville, dated May 12, 2020 through September 21, 2020, progress notes from the Orthopedic & Spine Surgery Associates, dated September 21, 2020 through October 6, 2021, and progress notes from the Plateau Medical Group, dated November 10, 2020 to February 15, 2024, respectively.

[3] The undersigned omits the testimonies provided by the medical experts or the vocational expert, as their testimonies are not contested or at issue in this appeal, and no questions were asked of these witnesses by the Plaintiff's representative during the hearing.

and estimated he sleeps about eight hours in a twenty-four hour period (Tr. at 187). He explained that he is unable to work because he cannot lift, he can only stand for a "little bit" before he needs to sit down, and that he does a lot of laying around (Id.).

**Scope of Review**

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence, however, the Court determines if the final decision of the Commissioner is based upon an appropriate application of the law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Further, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). If substantial evidence exists, the Court must affirm the Commissioner's decision "even should the court disagree with such decision." Blalock, 483 F.2d at 775.

**Analysis**

Evaluation of Treating Provider Opinion Evidence:

The Plaintiff has argued that the ALJ failed to adequately explain why he discredited the opinion provided by Dr. Hultman, contending that the ALJ's analysis fell short as to the

8

supportability and consistency factors under 20 C.F.R. § 404.1520c(c)(1)-(2).

The undersigned notes that the ALJ explicitly applied the regulatory framework pursuant to Section 404.1520c which pertains to claims filed after March 27, 2017. (Tr. at 167) The RFC assessment lies squarely with the ALJ, not with any medical provider/examiner. 20 C.F.R. § 404.1546(c); see Felton-Miller v. Astrue, 459 Fed.Appx. 226, 230-231 (4th Cir. 2011) ("The ALJ was not required to obtain an expert medical opinion as to [the] RFC."). A medical opinion is "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the ability to perform the physical, mental, or other demands of work activity or adapt to environmental conditions. 20 C.F.R. § 404.1513(a)(2). The Regulations also define "findings . . . about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review" as "prior administrative medical finding[s]." Id. at § 404.1513(a)(5).

To be sure, the ALJ's decision must build an accurate and "logical bridge between the evidence and the ALJ's conclusion that [a medical] opinion," Oakes v. Kijakazi, 70 F.4th 207, 214 (4th Cir. 2023), is or is not "persuasive" evidence of a claimant's allegedly disabling medical condition, see Id. at 212–213. When the court is " 'left to guess' as to how the ALJ reached [his] evaluation of the conflicting medical opinions in light of the evidence of record," then it cannot "review the reasonableness of [his] conclusions." Testamark v. Berryhill, 736 Fed Appx. 395, 398 (4th Cir. 2018).

In this case, the ALJ properly applied Section 404.1520c, which emphasizes the supportability and consistency factors when assessing the persuasiveness of the medical opinions of record; moreover, an adjudicator is not bound to give any specific weight or deference to any

medical provider's opinion, including those provided by treating sources. Id. § 404.1520c(a). (Tr. at 167) Instead of assigning weight to medical opinions, the ALJ just considers the persuasiveness of a medical opinion (or a prior administrative medical finding). Id. Critically, the source of the opinion is not the most important factor in evaluating its persuasive value, instead, the most important factors are supportability and consistency. Id. § 404.1520c(b)(2). When discussing the finding about whether an opinion is persuasive, the ALJ need only explain how he considered the "the most important factors" of supportability and consistency. Id. § 404.1520c(c). The ALJ "may" comment on the other factors, including the source's relationship with the claimant, but generally has no obligation to do so. Id. § 404.1520c(b)(2)-(3).

As mentioned *supra*, the Plaintiff argues the ALJ improperly discounted Dr. Hultman's opinion, despite enjoying substantial support from the medical records. However, the ALJ found the evidence did not show that the Plaintiff was as limited as his physician opined.[4] As an initial matter, while the Plaintiff takes issue with the ALJ's statement that Dr. Hultman's opinion was unpersuasive because it was not supported by "*any*" findings as being patently unreasonable (see ECF No. 15 at 8; *italics* in original), the undersigned observes this is more or less a stylistic expression, but more importantly, Dr. Hultman *did not* provide *specific* findings supporting her conclusions. In the beginning of her report, she noted the Plaintiff's diagnoses: "thoracic strain, cervical strain, lumbar" (Tr. at 550); she listed the Plaintiff's "symptoms, including pain, dizziness, fatigue, etc." as "R leg cramps Bilat leg numbness intermittent" and included an illegible marking

---

[4] There is no dispute that the ALJ properly found that to the extent Dr. Hultman determined the Plaintiff to be disabled, the ALJ was under no obligation to accept, let alone, evaluate such an opinion pursuant to Section 404.1520b(c)(3)(i): statements on issues reserved to the Commissioner are "neither valuable nor persuasive to the issue of whether you are disabled . . . we will not provide any analysis about how we considered such evidence in our determination or decision[.]"

(Id.). Regarding the Plaintiff's pain, when asked to characterize the nature, location, frequency, precipitating factors, and severity of the pain, Dr. Hultman wrote: "Pain across shoulders and back 8/10 worse cold low back 10/10 intermittently cold worse, hot water helps" (Id.). In short, while this information summarizes the Plaintiff's symptomatology, it does not explicitly support or explain his sitting, standing/walking, lifting/carrying, and manipulative restrictions.

While the Plaintiff's argument that the ALJ's broad reference to certain exhibits (namely, Exhibits 2F, 3F, and 8F) supporting the ALJ's finding that Dr. Hultman's opinion was inconsistent with the evidence also includes findings that generally support Dr. Hultman's opinion, those records also contain findings that do not support her more extreme limitations. For instance, the ALJ noted earlier on in the written decision that in regards to the Plaintiff's degenerative disc disease an MRI showed no root compression (Tr. at 162, 482-483; Tr. at 165, 482-483); significantly, in May 2020, examination revealed findings of normal alignment, normal gait, no atrophy, no spasms, normal toe walk, normal heel walk, no limp, no assistive device, normal reflexes, normal strength, and intact sensation (Tr. at 162, 495).[5] The ALJ noted that records from a September 2020 examination showed the Plaintiff had abnormal flexion in the upper back and limited rotation in the left upper back due to pain, but the Plaintiff had a normal gait, normal range of motion, and normal strength (Tr. at 165, 465). The ALJ also considered records from December 2020 to October 2021: the Plaintiff underwent a L4-5 lumbar epidural injection (Tr. at 165, 512); a physical examination in June 2021 revealed decreased range of motion of the lumbar spine and that the Plaintiff was wearing a lumbar brace (Tr. at 165, 877); in July 2021, the Plaintiff

_____

[5] While referencing another exhibit in the record, 1F (Tr. at 456-460), an Independent Medical Examination dated June 25, 2020, by Benjamin Kunesh, M.D., the ALJ observed that findings showed the Plaintiff had limited forward flexion and loss of normal lordosis of his lumbar spine, but he also had normal sensation, normal strength, normal reflexes, and normal gait (Tr. at 165, 459).

complained of severe back pain (Tr. at 165, 498), and in August 2021, the Plaintiff received a lumbar facet block injection at multiple levels (Tr. at 165, 497); and in October 2021, the Plaintiff reported the injection made his pain worse (Tr. at 165, 494), and upon examination, the Plaintiff exhibited decreased range of motion and tenderness of the lumbar spine, but normal alignment, normal gait, no atrophy, no spasms, normal toe walk, normal heel walk, no limp, no assistive device, normal reflexes, normal strength, and intact sensation (Tr. at 165, 495).

The ALJ also considered treatment notes from the Plaintiff's primary care provider, Dr. Hultman, which documented his ongoing treatment for back pain: in June 2021, the Plaintiff reported doing well with no new issues or problems (Tr. at 165, 726); in January 2022, the Plaintiff received injections, physical therapy, and a prescription for a Lidocaine patch to treat his back pain (Tr. at 165, 721, 723); in April 2022, the Plaintiff complained of worsened back pain, but attributed it to cold and rainy weather, and reported using heat and hot water baths to alleviate his pain (Tr. at 165, 857); in October 2022, the Plaintiff reported his back pain was stable from using the back patches (Tr. at 165, 692), but by November 2022, the Plaintiff reported his back pain was worse, due to rainy damp weather (Tr. at 165, 838); and in November 2023, the Plaintiff reported his back pain was better due to warmer weather (Tr. at 165-166, 793). The ALJ also noted that physical examinations throughout those records revealed slightly decreased range of motion of the Plaintiff's cervical spine, tenderness, irregular gait, abnormal sensation, and diminished reflexes, but also, the Plaintiff had normal movement of all extremities (Tr. at 166, 688, 693, 698, 703, 708, 713, 722, 839, 844, 849, 854, 858, 863, 872).[6]

---

[6] Of further interest here is that the ALJ considered the testimony provided by Gilberto Munoz, M.D., who opined that not only did the Plaintiff's impairments not meet or equal a listing, but also that the Plaintiff remained capable of light work (Tr. at 167). The ALJ found Dr. Munoz's opinion persuasive based on his explanation in support of his opinion, and found that it was consistent with the imaging records (Tr. at 167, 484) and the physical examinations showing

12

The foregoing demonstrates that the ALJ did not engage in impermissible cherry-picking[7] when evaluating the evidence in assessing the Plaintiff's RFC – he acknowledged both negative and positive findings, reconciled the conflicting evidence of record, and ultimately restricted the Plaintiff to a light RFC with the aforementioned physical limitations established by the evidence of record.[8] To the extent the Plaintiff argues the ALJ should have further explained why he did not give full credit or why he discounted some of Dr. Hultman's opined restrictions, it must be emphasized that "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." See Manigo v. Colvin, 2015 WL 74954, at *5 (D.S.C. Jan. 6, 2015) (quoting Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000)); "[T]there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]" Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (*per curiam*)); see also Call v. Berryhill, Civil Action No. 2:17-CV-02292, 2018 WL 4659342, *4 (S.D.W. Va. Sept. 28, 2018). Indeed, "there is no particular language or format that an ALJ must use in his . . . analysis as long as there is sufficient development of the record and explanation of the findings to permit meaningful review." Clark v. Comm'r of Soc. Sec., 2010 WL 2730622, at *17 (E.D. Va. June 3, 2010) (quoting Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004)). The ALJ's determination is sufficient if it "not only sets forth the facts used in rendering his decision, but it also provides a thorough examination of the medical evidence." Id.

---

tenderness, irregular gait, abnormal sensation, and diminished reflexes (Tr. at 167, 673-909) – the ALJ referenced Exhibit 8F, which concerns the treatment notes provided by the Plaintiff's treating provider, Dr. Hultman.

[7] See Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) (" 'An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.' " (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)).

[8] Notably, the ALJ's RFC determination appears to contain the limitations endorsed by the testifying medical expert, Dr. Munoz, see footnote 6, supra, whose opinion is not contested herein.

It is also important that an ALJ's decision must be read as a whole in order to discern whether substantial evidence supports a finding. See Keene v. Berryhill, 732 Fed.Appx. 174, 177 (4th Cir. 2018) (finding the court "must read the ALJ's decision as a whole" and that findings in a step can support findings in other steps of the analysis).

In this case, the ALJ complied with the pertinent regulations and provided an adequate explanation for his evaluation of the Plaintiff's treating source opinion evidence. "Meaningful review is frustrated – and remand necessary – only where [the court is] 'unable to fathom the [ALJ's] rationale in relation to evidence in the record.' " Britt v. Saul, 860 Fed.Appx. 256, 262 (4th Cir. 2021 (citation omitted). The foregoing analysis of the medical evidence and other evidence of record provides a reasonable explanation for the ALJ's evaluation of Dr. Hultman's opinion – in short, this Court is capable of fathoming the ALJ's rationale for finding the treating source opinion unpersuasive.

To the extent that the opinion was not corroborated by the evidence of record, the ALJ was under no obligation to include those restrictions in the hypothetical to the vocational expert. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (concluding that an ALJ's hypothetical question need only include those impairments supported by the record); Koonce v. Apfel, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999) (unpublished table opinion) (stating that an ALJ has "great latitude in posing hypothetical questions" and need only include limitations supported by substantial evidence in the record).

Accordingly, the undersigned **FINDS** the ALJ's evaluation of the medical opinion provided by Dr. Hultman is supported by substantial evidence. The undersigned further **FINDS** that the final decision denying the Plaintiff's application for benefits is supported by substantial evidence.

14

**<u>Recommendations for Disposition</u>**

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Judge confirm and accept the foregoing findings and **RECOMMENDED** that the District Judge **DENY** the Plaintiff's request for remand (ECF No. 15), **GRANT** the Defendant's request to affirm (ECF No. 16), **AFFIRM** the final decision of the Commissioner, and **DISMISS** this matter from this Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), <u>reh'g denied</u>, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); <u>Wright v. Collins</u>, 766 F.2d 841 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of

such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to counsel of record.

ENTER: February 27, 2026.



Omar J. Aboulhosn
United States Magistrate Judge